**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-1395-WJM

CHARLES K. FORD,

    Applicant,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER TO DISMISS IN PART

---

Applicant, Charles K. Ford, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Ford has filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9) challenging the validity of his conviction and sentence in Denver District Court case number 08CR10514.

On September 12, 2017, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On October 3, 2017, Respondents filed their Pre-Answer Response (ECF No. 14) arguing that two of Mr. Ford's claims should be dismissed. Mr. Ford has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the amended application liberally because Mr. Ford is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520−21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following background information is taken from the opinion of the Colorado Court of Appeals on postconviction appeal.

> In a city park, defendant got into a fistfight with the victim. After the fight ended and the victim was walking away, defendant acquired a gun from an acquaintance and shot the victim several times. Although initially charged with first degree murder, pursuant to a plea agreement, defendant pleaded guilty to one count of second degree murder and one count of first degree assault in the shooting death of the victim. As part of the plea agreement, defendant agreed to provide truthful information and testimony about other crimes and the perpetrators of those crimes. In exchange, the prosecution agreed to limit the sentence to between thirty-five and sixty years in the custody of the Department of Corrections (DOC) and to allow the court to consider defendant's cooperation in those other cases in determining the sentence and whether to reduce the sentence on reconsideration.
>
> Defendant's sentencing was postponed for several months to allow him to provide testimony in those other cases and to enable the court to consider his cooperation in arriving at an appropriate sentence within the stipulated range. As it turned out, however, all of those cases were resolved without the prosecution needing defendant to testify.
>
> Before sentencing, defendant's two attorneys, Mr. Rios and Ms. Frei, filed a Crim. P. 32(d) motion to withdraw defendant's guilty plea, alleging that they had provided ineffective assistance. At the same time, they sought to withdraw as his counsel and to have alternate defense counsel appointed. The district court denied both the Crim.

P. 32(d) motion and counsel's motion to withdraw, and sentenced defendant to consecutive prison terms of thirty-two years on the second degree murder conviction and twelve years on the first degree assault conviction. A division of this court affirmed the denial of defendant's Crim. P. 32(d) motion. *See People v. Ford*, (Colo. App. No. 10CA1090, Mar. 15, 2012) (not published pursuant to C.A.R. 35(f)).

After the mandate issued following his direct appeal, defendant filed a pro se Crim. P. 35(b) motion for reconsideration of his sentence. The district court denied that motion, finding that defendant's sentence was within the range provided for in the plea agreement, was appropriate when entered, and remained appropriate.

Defendant thereafter filed a pro se Crim. P. 35(c) motion alleging that he received ineffective assistance of counsel because (1) Mr. Rios promised him that his initial sentence would be cut in half on reconsideration; (2) Mr. Rios did not accurately advise him that he would have to serve seventy-five percent of his sentence before becoming parole eligible; (3) he was promised as part of the plea agreement that he would be transferred out of state, but Mr. Rios failed to require specific performance of that promise; and (4) he was coerced into pleading guilty because his attorneys failed to fully investigate the facts of the case and his self-defense claim and pressured him into accepting the plea. He also alleged that, but for counsel's deficient performance, he would not have accepted the plea, and instead, would have insisted on going to trial.

The district court, by a written order, denied the claim regarding plea counsel's failure to investigate because defendant failed to allege with specificity what investigation could have been done, what the result of such an investigation would have been, and how it would have changed his decision to plead guilty. However, the court found that defendant's remaining claims had arguable merit and appointed counsel to represent him.

A supplemental motion filed by counsel reiterated defendant's first three claims, specifically alleging that plea counsel had promised defendant he would be sentenced to thirty-five years and that the sentence would be reduced to

3

>        seventeen and a half years upon reconsideration.  The
> supplemental motion alleged that the promises made as part
> of the plea agreement were unenforceable and that
> defendant therefore should be allowed to withdraw his plea.
>
>        At the postconviction hearing, defendant, Mr. Rios,
> Ms. Frei, and the district attorney testified.  The court denied
> defendant's motion by a written order.  The court found
> credible Mr. Rios' testimony that he never promised
> defendant a sentence of thirty-five years or told him that it
> would be cut in half on reconsideration.  The court also
> found that the plea agreement did not include a promise that
> defendant would serve his sentence out of state.  The court
> noted that neither the People nor defendant's attorney had
> the authority to get him transferred, but that they could make
> a request to the DOC for such a transfer, which was
> completely within the DOC's discretion.  Thus, the court
> concluded that because defendant was fully advised about
> his plea agreement and Rios did not make additional
> promises to him, he failed to establish that his counsel's
> performance was deficient.

(ECF No. 14-6 at 3-7) (*People v. Ford*, No. 15CA0438 (Colo. App. Mar. 16, 2017) (unpublished)).  The Colorado Court of Appeals affirmed the trial court's order denying the Rule 35(c) motion.  (*See* ECF No. 14-6).

Mr. Ford asserts two claims in the amended application.  According to Respondents, Mr. Ford contends in claim 1 that counsel were ineffective when they: (a) promised Mr. Ford his initial sentence would be cut in half on reconsideration; (b) did not accurately advise Mr. Ford he would have to serve seventy-five percent of his sentence before being eligible for parole; (c) failed to require specific performance of the plea-agreement promise that Mr. Ford would be transferred out of state for his safety; and (d) coerced Mr. Ford's guilty plea by failing to fully investigate the facts of the case and his self-defense claim.  Mr. Ford contends in claim 2 that the terms of his plea agreement were breached.

## II. ONE-YEAR LIMITATION PERIOD

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that

5

the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Thus,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim federal.

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Respondents concede that claims 1(a), 1(b), and 1(c) are exhausted. However, Respondents argue that Mr. Ford failed to exhaust state remedies for claim 1(d) and claim 2.

Claim 1(d) is an ineffective assistance of counsel claim in which Mr. Ford contends counsel coerced his guilty plea by failing to fully investigate the facts of the case and his self-defense claim. Respondents concede that Mr. Ford raised this ineffective assistance of counsel claim in his postconviction Rule 35 (c) motion.

However, Respondents maintain that claim 1(d) was not fairly presented to the Colorado Court of Appeals because Mr. Ford failed to raise claim 1(d) on appeal from the denial of the postconviction Rule 35(c) motion. Mr. Ford does not argue otherwise and the Court's review of Mr. Ford's briefs on appeal from the denial of his postconviction Rule 35(c) motion confirms that claim 1(d) was not included in the appeal to the Colorado Court of Appeals. (*See* ECF Nos. 14-3 & 14-5.) Thus, Mr. Ford failed to exhaust state remedies for claim 1(d).

Mr. Ford contends in claim 2 that the terms of his plea agreement were breached. Respondents contend that claim 2 was not fairly presented to the state courts because the claim was presented for the first time on appeal. In particular, Respondents note that the Colorado Court of Appeals in the postconviction Rule 35(c) proceedings declined to address Mr. Ford's claim "that the terms of his plea agreement were breached [because] this claim was not raised in either his postconviction motion or at his hearing." (ECF No. 14-6 at 17-18.) Mr. Ford presents no argument that claim 2 was fairly presented to the state courts on appeal. Thus, he fails to demonstrate he has exhausted state remedies for claim 2.

## IV. PROCEDURAL DEFAULT

The Court may not dismiss the unexhausted claims for failure to exhaust state remedies if Mr. Ford no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents contend that Mr. Ford no longer has an adequate and effective state remedy available to him with respect to claim 1(d) because the time to appeal from the trial court's order rejecting that claim has passed. *See* Colo. App. R. 4(b)(1) (notice of appeal must be filed within 49 days after entry of

7

order being appealed). With respect to claim 2, Respondents contend that Mr. Ford no longer has an adequate and effective state remedy available to him because claim 2 was rejected on the basis of an independent and adequate state procedural rule that prevents an appellate court from addressing a claim raised for the first time on appeal. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996).

Federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See id.* at 730.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it "was firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation marks omitted).

Mr. Ford fails to demonstrate that the procedural rules identified by Respondents are not independent and adequate state procedural rules. *See Fairchild v. Workman*, 579 F.3d 1134, 1143 (10th Cir. 2009) (noting that a habeas petitioner bears the burden

of presenting specific allegations regarding the inadequacy of the state procedure). Therefore, claim 1(d) and claim 2 are procedurally defaulted and cannot be considered unless Mr. Ford demonstrates cause and prejudice or a fundamental miscarriage of justice. *See Jackson*, 143 F.3d at 1317.

To demonstrate cause for his procedural default Mr. Ford must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493−94 (1991) (internal quotation marks omitted). If Mr. Ford can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Mr. Ford's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Ford fails to present any argument to demonstrate either cause and prejudice for his procedural default of claim 1(d) and claim 2 or that a failure to consider the merits of those claims will result in a fundamental miscarriage of justice. Therefore, claim 1(d) and claim 2 are procedurally barred and must be dismissed.

## V. CONCLUSION

In summary, Respondents concede that the Application is timely and that claims 1(a), 1(b), and 1(c) are exhausted. The Court will dismiss claim 1(d) and claim 2 because those claims are procedurally barred. Accordingly, it is

ORDERED that claim 1(d) and claim 2 in the amended application are dismissed as procedurally barred. It is further

ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claim. It is further

ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

Dated this 5th day of December, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge